**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **MARIA CONCEPCION SERNA** | § | |
| | § | |
| | § | |
| **vs.** | § | **Case No. _____** |
| | § | |
| **PALOMAR SPECIALTY INSURANCE** | § | |
| **COMPANY, WELLINGTON CLAIM** | § | |
| **SERVICE, INC., AND GLENDA** | § | |
| **ALVAREZ** | § | |

**DEFENDANT PALOMAR SPECIALTY**
**INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Defendant PALOMAR SPECIALTY INSURANCE COMPANY'S ("Palomar") files its Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following.

**I.**

**Factual Background**

1.    On or about March 22, 2016, Plaintiff filed its Original Petition in a case styled *Maria Concepcion Serna v. Palomar Insurance Company, Wellington Claim Service, Inc. and Glenda Alvarez*, Cause No. 1C-1312-16-F, pending in the 332d Judicial District Court for Hidalgo County, Texas.

2.    Palomar was served with the Original Petition on April 5, 2016. Palomar filed its Original Answer to Plaintiff's Original Petition on April 22, 2016.

3.    Wellington ("Wellington") was served on April 8, 2016. Wellington filed its Original Answer to Plaintiff's Original Petition on April 22, 2016. C

4.      Citation on Glenda Alvarez ("Alvarez") has never been served and she has not appeared.

5.      Palomar files this notice of removal within 30 days of service of citation and within one year from the commencement of the action.  *See* 28 U.S.C. §1446(b) and (c).

6.      Attached hereto are copies of the following documents:

- **Exhibit A:**  The state court's Docket Sheet;

- **Exhibit B:**  Plaintiff's Original Petition;

- **Exhibit C:**  Citation served on Palomar;

- **Exhibit D:**  Citation served on Wellington;

- **Exhibit E:**  Citation issued but not served on Alvarez;

- **Exhibit F:**  Palomar's Original Answer to Plaintiff's Original Petition;

- **Exhibit G:**  Wellington's Original Answer to Plaintiff's Original Petition; and

- **Exhibit H:** List of Parties and Counsel

## II.

## Basis For Removal

7.      Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

## Plaintiff and Palomar Are Diverse

8.      Upon information and belief, Maria Concepcion Serna ("Serna" or "Plaintiff") was a resident of the state of Texas at the time the lawsuit was filed.

9.      Palomar Specialty Insurance Company is and was at the time the lawsuit was filed, an Oregon domiciled insurance company with its principal place of business in California.

10.     Co-Defendants, Wellington and Alvarez, are not properly joined as parties to this lawsuit but are citizens of the state of Texas.

        **a.     Co-Defendants, Wellington and Alvarez, have been improperly joined in this lawsuit.**

11.     A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Palomar would show that "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*.  385 F.3d at 573.  Wellington and its independent adjuster, Alvarez, did not commit any torts in their individual capacities.

12.     The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery.  *See id.*  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.  *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).  Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ."  *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).  In the context of joinder of non-diverse insurance adjusters, the Southern District has required Plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar.

27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

13.     Here, Plaintiff fails to offer any specific facts in support of his claims against Wellington and Alvarez that are distinct from Plaintiff's claims against Palomar, and therefore fails to state a viable state law claim against Wellington and Alvarez, individually. *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex.2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

14.     Plaintiff's allegations against Wellington and Alvarez are conclusory, in that they contain no reference to any material facts to which the law should apply.  Aside from alleging that Wellington and Alvarez were assigned by Palomar to adjust the claim, Plaintiff's only factual allegations that apply specifically to Wellington and Alvarez are the generic and conclusory allegations that Wellington and Alvarez: (1) improperly adjusted the claim; (2) failed to quantify the damages and made errors in estimating the value of the claim, thereby failing to adequately   compensate   Plaintiff   for   the   alleged   loss;   and   (3)   made   unspecified

misrepresentations to Plaintiff regarding coverage for the claim.  Just as in *Okenkpu* cited above, Plaintiff's Original Petition "fails to specify any statements which Plaintiff considers to be misrepresentations or fraudulent, Plaintiff does not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.

15.     Briefly summarizing statutory language and common law causes of action, as Plaintiff did here, is not the same as pleading actionable facts to which a cause of action should apply.  Thus, there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Wellington or Alvarez. *Griggs*, 181 F.3d at 699-701; *Keen*, 875 F.Supp.2d at 686 (because Plaintiff's claims against the adjuster are identical to his claims against the insurer, Plaintiff fails to adequately state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

16.     Further, without asserting facts as to how Wellington and Alvarez individually, and not as independent adjusters assigned by Palomar, committed an actionable *violation* of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal.  See *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 544, 555 (2007).  Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants.  *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).  Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster,

individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007). Here, the alleged harm is Palomar's failure to pay the claim.

17.     "[T]o state a valid state law cause of action, Plaintiff's Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery." *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)). However, it fails to do so. Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action. *See Ashcroft v. Iqbal*, 129 S.Ct. 1297 (2009). It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he/she theoretically could have possibly violated the Insurance Code. *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages). The Court noted the expert's testimony that the software was widely used and explanation as to how he derived the figures in his estimate "did not in itself make the figure unreasonable." *Id.* at 627-28. This, however, is precisely the pleaded claims against Wellington and Alvarez in the Original Petition. As pleaded, these claims are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction.

18.     The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Palomar owes Plaintiff any amount for a covered loss. Plaintiff's claims are for economic losses

against Palomar, which are contractual claims.  Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law.   Therefore, Plaintiff's assertions against Wellington and Alvarez, the non-diverse Defendants, fail to show any likelihood of recovery against Wellington and Alvarez, individually.  The citizenship of the non-diverse Defendants, Wellington and Alvarez, therefore, is disregarded and removal of this case is proper.

**b.      The amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction.**

19.    As alleged in their Original Petition, Plaintiff seeks monetary relief between $200,000 and $1,000,000.  *See* Plaintiff's Original Petition, paragraph 6 (**Exhibit B**).  Therefore, the amount in controversy exceeds the jurisdictional requirements for removal.

**III.**

**<u>The Removal is Procedurally Correct</u>**

20.     Because Plaintiff is a citizen of Texas, Defendant Palomar is a citizen of Oregon, and because Defendants Wellington and Alvarez have been improperly joined, complete diversity of citizenship exists among the parties.

21.     Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal action is proper.

22.     This Notice of Removal is timely because this Notice of Removal is being filed within 30 days after service and within one year from the commencement of the action under 28 U.S.C. § 1446(b) and (c).

23.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and

because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

24.   Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

25.   Promptly after Palomar files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

26.   Promptly after Palomar files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Hidalgo County District Court pursuant to 28 U.S.C. §1446(d).

27.   Consent of an improperly joined defendant is not necessary for removal. Nonetheless, Wellington consents to this removal.   Alvarez has not been made a defendant.

## IV.

### Conclusion

28.   Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Palomar hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By:   */s/ George H. Arnold*

George H. Arnold, **Attorney-In-Charge**
Southern District Bar No. 15948
State Bar No. 00783559
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile:  (713) 403-8299
E-mail: garnold@thompsoncoe.com

OF COUNSEL:

Marilyn S. Cayce
State Bar No. 13057620
Federal I.D. 9986
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8215
Facsimile:  (713) 403-8299
E-mail: mcayce@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT PALOMAR
SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of May, 2016, a true and correct copy of the foregoing document was delivered to all counsel of record, via facsimile, email or certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure:

Gregory F. Cox
MOSTYN LAW
6280 Delaware Street
Beaumont, Texas 77706
gfcdocketefile@mostynlaw.com

_/s/ Marilyn S. Cayce_
Marilyn S. Cayce