CAUSE NO. C-1312-16-F

| | | |
|---|---|---|
| MARIA CONCEPCION SERNA, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PALOMAR SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| WELLINGTON CLAIM SERVICE, | § | |
| INC., AND GLENDA ALVAREZ, | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Maria Concepcion Serna ("Plaintiff") and files this, *Plaintiff's Original Petition*, complaining of Palomar Specialty Insurance Company ("Palomar"), Wellington Claim Service, Inc. ("WCS"), and Glenda Alvarez ("Alvarez") (hereinafter collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff Maria Concepcion Serna is an individual residing in Hidalgo County, Texas.


EXHIBIT B

Case 7:16-cv-00217   Document 1-4   Filed in TXSD on 05/05/16   Page 2 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

3. Defendant Palomar is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant WCS is a domestic adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent: Corporation Services Company d/b/a CSC - Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant Glenda Alvarez is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at her place of residence at 2073 Arena Drive, Lewisville, Texas 75067.

## JURISDICTION

6. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

7. The Court has jurisdiction over Defendant Palomar because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 3 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

8. The Court has jurisdiction over Defendant WCS because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

9. The Court has jurisdiction over Defendant Alvarez because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

10. Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11. Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Palomar.

12. Plaintiff owns the insured property, which is specifically located at 1202 Flamingo Avenue, Mission, Texas 78572, in Hidalgo County (hereinafter referred to as "the Property").

13. Palomar sold the Policy insuring the Property to Plaintiff.

14. On or about August 20, 2015, a hail storm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence (hereinafter referred to as "the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the Storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the Storm. Furthermore, Plaintiff

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 4 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

sustained significant damage to her personal belongings and contents within the home. After the August 20, 2015 Storm, when damages became apparent and visible to Plaintiff, Plaintiff filed a claim with her insurance company, Palomar, for the damages to her home caused by the hail storm and/or windstorm.

15. Plaintiff submitted a claim to Palomar against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

16. Plaintiff asked that Palomar cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the exterior, structural, and/or interior water damages to the Property, pursuant to the Policy.

17. Defendant Palomar assigned Defendant WCS to adjust the claim. WCS and/or Palomar then assigned Defendant Alvarez as the individual adjuster on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiff's claim. Alvarez conducted a substandard investigation of Plaintiff's claim. The inadequacy of Defendant Alvarez's investigation is further evidenced by her letter to Plaintiff dated October 17, 2015, which asserts vague and ambiguous reasons for the denial of the claim and for the items that were damaged, and thus no payment would be made on her claim. Although Alvarez was aware of Plaintiff's reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiff's claim without conducting thorough and reasonable investigation and/or inspection of Plaintiff's damages. Ultimately, Defendant Alvarez determined that the damages were not covered under the Policy, thus no payment would be made on the

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 5 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

claim. Alvarez's inadequate investigation was relied upon by Defendants Palomar and WCS in this action and resulted in Plaintiff's claim being undervalued and underpaid.

18. Defendants Palomar and WCS, along with their personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Defendant Alvarez, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. Further, Palomar, WCS, and Alvarez misrepresented that Plaintiff's damages were not covered under the Policy, when the losses, in fact, were properly covered damages. Defendants Palomar and WCS denied Plaintiff's claim without performing a reasonable investigation. As a result of these wrongful acts and omissions set forth above and further described herein, Plaintiff was considerably underpaid on her claim and has suffered damages.

19. Together, Defendants Palomar, WCS, and Alvarez set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiff's Storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and she was denied adequate and sufficient payment to repair her home. The mishandling of Plaintiff's claim has also caused a delay in her ability to fully repair her home, which has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy.

20. As detailed in the paragraphs below, Palomar wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Palomar underpaid some of Plaintiff's claims by not

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 6 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

21. To date, Palomar continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

22. Defendant Palomar failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Palomar's conduct constitutes a breach of the insurance contract between Palomar and Plaintiff.

23. Defendants Palomar, WCS, and Alvarez misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Palomar's, WCS', and Alvarez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

24. Defendants Palomar, WCS, and Alvarez failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants Palomar's, WCS', and Alvarez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

25. Defendants Palomar, WCS, and Alvarez failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Palomar, WCS, and Alvarez failed to offer Plaintiff adequate compensation, without any explanation why full

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 7 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

payment was not being made. Furthermore, Defendants Palomar, WCS, and Alvarez did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants Palomar's, WCS', and Alvarez's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

26. Defendants Palomar, WCS, and Alvarez failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Palomar, WCS, and Alvarez. Defendants Palomar's, WCS', and Alvarez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

27. Defendants Palomar, WCS, and Alvarez refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants Palomar, WCS, and Alvarez failed to conduct a reasonable investigation. Specifically, Defendants Palomar, WCS, and Alvarez performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants Palomar's, WCS', and Alvarez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

28. Defendant Palomar failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 8 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

claim. Palomar's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

29. Defendant Palomar failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Palomar's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

30. Defendant Palomar failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. Palomar's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

31. From and after the time Plaintiff's claim was presented to Defendant Palomar, the liability of Palomar to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Palomar has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Palomar's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32. Defendants Palomar, WCS, and Alvarez knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

33. As a result of Defendants Palomar's, WCS', and Alvarez's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 9 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

34. Plaintiff's experience is not an isolated case. The acts and omissions Palomar committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Palomar with regard to handling these types of claims. Palomar's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST ALVAREZ

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

35. Defendants Palomar and/or WCS assigned Defendant Alvarez to adjust the claim. Defendant Alvarez was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During the investigation, the adjuster failed to properly assess Plaintiff's hail storm and/or windstorm damages. The adjuster also omitted covered damages from her reports, including many of Plaintiff's interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

36. Defendant Alvarez's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

37. Defendant Alvarez is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Palomar, because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance,

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 10 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added; *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

38. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Alvarez's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

39. Defendant Alvarez's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 11 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

40. Defendant Alvarez failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant Alvarez failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant Alvarez as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

41. Defendant Alvarez's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

42. Defendant Alvarez did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to Palomar. Defendant Alvarez's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 12 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

### CAUSES OF ACTION AGAINST DEFENDANT WCS

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

43. Defendant WCS' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

44. Defendant WCS' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

45. Defendant WCS' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

46. Defendant WCS' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a)(3).

47. Defendant WCS' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 13 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

48. Defendant WCS' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

49. Plaintiff is not making any claims for relief under federal law.

### FRAUD

50. Defendants Palomar, WCS, and Alvarez are liable to Plaintiff for common law fraud.

51. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants Palomar, WCS, and Alvarez knew were false or made recklessly without any knowledge of their truth as a positive assertion.

52. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

53. Defendants Palomar, WCS, and Alvarez are liable to Plaintiff for conspiracy to commit fraud. Defendants Palomar, WCS, and Alvarez were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants Palomar, WCS, and Alvarez committed an

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 14 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST PALOMAR ONLY

54. Defendant Palomar is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

55. Defendant Palomar's conduct constitutes a breach of the insurance contract made between Palomar and Plaintiff.

56. Defendant Palomar's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Palomar's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

57. Defendant Palomar's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

58. Defendant Palomar's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

59. Defendant Palomar's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 15 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

though Palomar's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

60. Defendant Palomar's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

61. Defendant Palomar's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

62. Defendant Palomar's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

63. Defendant Palomar's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

64. Defendant Palomar's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 16 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

65. Defendant Palomar's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

66. Defendant Palomar's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

67. As referenced and described above, and further conduct throughout this litigation and lawsuit, WCS and Alvarez are agents of Palomar based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

68. Separately, and/or in the alternative, as referenced and described above, Palomar ratified the actions and conduct of WCS and Alvarez including the completion of their duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

69. Defendant Palomar's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

70. Defendant Palomar's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Palomar knew or should

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 17 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

71. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

72. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

73. As previously mentioned, the damages caused by the August 20, 2015, hail storm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants Palomar's, WCS', and Alvarez's mishandling of Plaintiff's claim in violation of the laws set forth above.

74. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

75. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

76. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on

Case 7:16-cv-00217 Document 1-4 Filed in TXSD on 05/05/16 Page 18 of 19

Electronically Filed
3/22/2016 4:01:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1312-16-F

the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

77. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

78. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

79. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

80. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

81. *Plaintiff's Request for Disclosure to Defendant Palomar Specialty Insurance Company* is attached as "Exhibit A." *Plaintiff's Request for Disclosure to Defendant Wellington*

Page 18

**C-1312-16-F**

*Claim Service, Inc.* is attached as "Exhibit A-1." *Plaintiff's Request for Disclosure to Defendant Glenda Alvarez* is attached as "Exhibit A-2."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**MOSTYN LAW**

 /s/ Gregory F. Cox
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY FOR PLAINTIFF**